**SIERRA CLUB, a nonprofit California corporation, Plaintiff,**

**v.**

**John BLOCK, in his official capacity as Secretary of Agriculture, and Max Peterson, in his official capacity as Chief of the Forest Service, Federal Defendants,**

**and**

**Mountain States Legal Foundation, a nonprofit Colorado corporation; Colorado Water Congress; Colorado Water Conservation Board; and City and County of Denver, acting By and Through its Board of Water Commissioners, Defendant-Intervenors.**

**Civ. A. No. 84–K–2.**

United States District Court, D. Colorado.

July 16, 1985.

Lori Potter and Anthony Ruckel, Sierra Club Legal Defense Fund, Denver, Colo., for Sierra Club.

Richard Nolan, John Hill, Asst. U.S. Attys., Denver, Colo., and Stuart Shelton, Office of General Counsel, U.S. Dept. of Agriculture, Washington, D.C., for federal defendants.

Casey Shpall, Mountain States Legal Foundation, Denver, Colo., for Mountain States Legal Foundation.

Clyde O. Martz, John M. Sayre, Gregory J. Hobbs, Jr., Zach C. Miller and Bennett

lightly abjured." *Jackson v. Virginia,* 443 U.S. at    323, 99 S.Ct. at 2791.

W. Raley, Davis, Graham & Stubbs, Denver, Colo., for Colorado Water Congress.

Wendy Weiss, Asst. Atty. Gen., State of Colorado, Denver, Colo., for Colorado Water Conservation Bd.

Wayne D. Williams, Michael L. Walker, Henry C. Tiegen, and Jack F. Ross, James F. Engelking, Christopher R. Paulson and Melvin B. Sabey, Saunders, Snyder, Ross & Dickson, Denver, Colo., for City and County of Denver.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an action seeking declaratory relief against officers of the United States Department of Agriculture, including the Secretary of Agriculture and the Chief of the Forest Service. Plaintiff Sierra Club contends that defendants have failed to claim federal reserved water rights in all 24 of the designated wilderness areas which they administer in the State of Colorado. It is asserted that the United States' failure to assert federal reserved water rights will result in the loss of such rights. Plaintiff seeks a judgment declaring that: 1) the United States possesses the reserved water rights necessary to fulfill the wilderness purposes of all present and future wilderness areas in Colorado, and 2) the failure of defendants to claim those rights is arbitrary and capricious, constitutes unlawfully withheld agency action, and is a violation of the public trust.

This matter is now before me on defendants' motion to dismiss, or, in the alternative, for summary judgment. The issue raised by the motion to dismiss is whether defendants' failure to claim reserved water rights for wilderness areas is subject to judicial review. Defendants contend that the United States Supreme Court's recent decision in *Heckler v. Chaney*, —— U.S. ——, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985), prevents judicial review in this case and that the cause of action must now be dismissed. Alternatively, defendants argue that the existence of federal reserved water rights is uncertain and therefore, the defendants could not have acted arbitrarily or unlawfully in not claiming those rights.

### I.

Review of agency action in this case is sought under the judicial review provisions of the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706, which provides comprehensive provisions for review of final agency actions. "Agency actions" are defined to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or *failure to act....*" 5 U.S.C. § 551(13) (emphasis added). Thus, under the APA, both an agency's failure to act and its actions are subject to judicial review.

However, this general rule of reviewability is not without limitation. The APA provides two exceptions in § 701(a): "This chapter applies, according to the provisions thereof, except that (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). Further, with regard to the second exception, the Supreme Court recently created a rebuttable presumption that an agency's decision not to take enforcement action is not subject to judicial review. *Chaney*, —— U.S. ——, ——, 105 S.Ct. 1649, 1656.

The first exception applies when Congress has affirmatively expressed an intent to preclude judicial review in a statute. In the present case, there is no indication that there are any existing statutes which expressly prohibit review of the agency's failure to assert federal reserved water rights in wilderness areas. Rather, defendants contend that review is precluded under the second exception and the Supreme Court's decision in *Chaney*.

### A.

The second exception for action "committed to agency discretion" was first discussed by the Supreme Court in *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). At issue in that case was the Secretary of

Transportation's approval of the building of an interstate highway through a park in Memphis, Tennessee. In addressing the question of whether the Secretary's action was reviewable, the Court noted that the exception under § 701(a) for action "committed to agency discretion" was "very narrow". 401 U.S. 402, 410. The Court then stated that "[t]he legislative history of the Administrative Procedure Act indicates that ... [this exception] is applicable in those rare circumstances where 'statutes are drawn in such broad terms that in a given case there is no law to apply.' " 401 U.S. 402, 410, 91 S.Ct. 814, 820, *quoting* S.Rep. No. 752, 79th Cong., 1st Sess., 26 (1945); *see also Dunlop v. Bachowski*, 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975). In other words, in determining whether the exception applies, courts must analyze the statutes in question. If there is "no law to apply", or "the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion," *Chaney*, — U.S. —, —, 105 S.Ct. 1649, 1655, then review is precluded.

In *Overton Park*, the statutes in question were § 4(f) of the Department of Transportation Act of 1966, 49 U.S.C. § 1653(f), and § 18(a) of the Federal-Aid Highway Act of 1968, 23 U.S.C. § 138. Both of these statutes provided that the Secretary of Transportation *"shall not* approve any program or project" that requires the use of any parkland unless he finds that alternative routes are not feasible and harm to the park is minimized. *See* 23 U.S.C. § 138; 49 U.S.C. § 1653(f). The Court stated that these statutes "are clear and specific directives" and that "[t]his language is a plain and explicit bar...." 401 U.S. 402, 411. Because these statutes provided a meaningful standard against which to judge the Secretary's exercise of discretion, the Court held that "the exemption for action 'committed to agency discretion' [was] inapplicable," and thus, the Secretary's decision was subject to judicial review. 401 U.S. 402, 413.

Subsequently, in *Chaney*, the Court was again faced with the question of whether the exception for action "committed to agency discretion" applied, precluding review of an agency's action. However, unlike *Overton Park*, where review was sought of the Secretary's *affirmative* act of approval, in *Chaney*, review was sought of an agency's *failure* to act.

In *Chaney*, prisoners sentenced to die by lethal injection petitioned the Food and Drug Administration (FDA), alleging that the use of the drugs for such purpose violated the Federal Food, Drug and Cosmetics Act (FDCA), 21 U.S.C. § 301 et seq., and requesting that the FDA take various enforcement actions to prevent these violations. The FDA refused their request. The issue before the Supreme Court was "the extent to which determinations by the FDA *not to exercise* its enforcement authority over the use of drugs in interstate commerce may be judicially reviewed." *Chaney*, — U.S. —, —, 105 S.Ct. 1649, 1654 (emphasis in original). In determining this issue, the Court distinguished *Overton Park* by stating that

> *Overton Park* did not involve an agency's refusal to take requested enforcement action. It involved an affirmative act of approval under a statute that set clear guidelines for determining when such approval should be given. Refusals to take enforcement steps generally involve precisely the opposite situation....

*Chaney*, — U.S. —, —, 105 S.Ct. 1649, 1655.

The Court then determined that agency decisions to refuse enforcement were generally unsuitable for judicial review. — U.S. —, —, 105 S.Ct. 1649, 1654. Yet the Court did not declare that all such agency decisions were unreviewable. Instead, the Court created a rebuttable presumption that an agency's decision not to take enforcement action was immune from judicial review under § 701(a)'s exception for action "committed to agency discretion." — U.S. —, —, 105 S.Ct. 1649, 1656.

Whether this presumption is rebutted depends upon the application of the standard

in *Overton Park.* —— U.S. ——, ——, 105 S.Ct. 1649, 1656. If there is "no law to apply" in that Congress has not "indicated an intent [in the statutes in question] to circumscribe enforcement agency discretion, and has [not] provided meaningful standards for defining the limits of that discretion," then the presumption stands and review is precluded. —— U.S. ——, ——, 105 S.Ct. 1649, 1656. However, as the Court acknowledged, "Congress did not set agencies free to disregard legislative direction in the statutory scheme that the agency administers." —— U.S. ——, ——, 105 S.Ct. 1649, 1657. Thus, if the statutes in question contain legislative direction and provide a meaningful standard by which to judge the agency's exercise of discretion, then the presumption is rebutted and judicial review is proper. For example, "where it could justifiably be found that·the agency has 'consciously and expressly adopted a general policy' that is so extreme as to amount to an abdication of its statutory responsibilities[,] ... the statute conferring authority on the agency might indicate that such decisions were not 'committed to agency discretion.' " —— U.S. ——, —— n. 4, 105 S.Ct. 1649, 1656 n. 4, *quoting Adams v. Richardson,* 480 F.2d 1159 (D.C.Cir. 1973).

In *Chaney,* after applying this standard to the relevant provisions of the FDCA, the Court found that the presumption was not overcome. —— U.S. ——, ——, 105 S.Ct. 1649, 1658. Accordingly, the Court held that "[t]he FDA's decision not to take the enforcement actions requested by respondents ... [was] not subject to judicial review under the APA." —— U.S. ——, ——, 105 S.Ct. 1649, 1659. The Court reasoned that the pertinent provisions of the FDCA were "framed in the permissive" and "thus commit[ted] complete discretion to the Secretary to decide how and when they should be exercised." —— U.S. ——, ——, 105 S.Ct. 1649, 1657. For example, the FDCA's general provision for enforcement provides only that "[t]he Secretary is *authorized* to conduct examinations and investigations...." 21 U.S.C. § 372 (emphasis added).

B.

In the present case, it is alleged that the Forest Service has failed to take action to preserve federal reserved water rights in Colorado wilderness areas. Although this is not a refusal to institute enforcement action, as in *Chaney,* it is a failure to act as opposed to an affirmative agency action. As such, it arguably falls within the Court's decision in *Chaney* that there is a presumption of unreviewability. However, this presumption is rebuttable if there is "law to apply" under the standard of *Overton Park.*

To determine if there is "law to apply", I must first examine the pertinent statutes. The relevant provisions of the Wilderness Act, 16 U.S.C. § 1131 et seq., are framed in mandatory rather than permissive language. For instance, the Act directs that wilderness areas *"shall* be administered ... in such manner as will leave them unimpaired for future use and enjoyment as wilderness, and so as to provide for the protection of these areas...." 16 U.S.C. § 1131(a) (emphasis added). Additionally, § 1133(b) of the Act requires that *"each* agency administering any area designated as wilderness *shall* be responsible for preserving the wilderness character of the area and *shall* so administer such area...." 16 U.S.C. § 1133(b) (emphasis added). These mandates include the establishment or protection of water rights. *See* 16 U.S.C. § 526. The Forest Service itself acknowledges, in its answer to Sierra Club's amended complaint, that its statutory duty is to protect wilderness water resources.

Unlike the permissive statutory language in *Chaney,* where agency action was "authorized", the mandatory language of the Wilderness Act provides "clear and specific directives", *Overton Park,* 401 U.S. 402, 411, 91 S.Ct. 814, 821, 28 L.Ed.2d 136 to the Forest Service to protect the wilderness areas, including water resources. Certainly, "Congress [did] not intend administrative agencies [such as those involved in·the

**48**

instant case], agents of Congress' own creation, to ignore [such] clear ... statutory commands...." *Chaney,* —— U.S. ——, 105 S.Ct. 1649, 1660 (Brennan, J., concurring). The Wilderness Act provides both legislative direction and manageable standards by which to judge the agency's failure to act in this case. Accordingly, the presumption of nonreviewability is rebutted and review of the Forest Service's failure to assert reserved water rights is proper under the APA.

## II.

Defendants argue, in the alternative, that I should grant summary judgment in this case for the defendants because the existence of federal reserved water rights is "uncertain" and thus, defendants were not arbitrary or capricious and did not act unlawfully in failing to assert those rights. Sierra Club responds to this argument by stating that its cross-motion for summary judgment, which is pending but not yet ripe for decision, dispels this "uncertainty" and would leave the Forest Service without a basis for summary judgment in its favor. Since the defendants' motion for summary judgment is so closely tied with Sierra Club's cross-motion, I shall defer decision on this issue.

IT IS THEREFORE ORDERED THAT:

1. Defendants' motion to dismiss is denied;

2. Defendants' motion for summary judgment will be considered at a later date along with plaintiff's cross-motion for summary judgment.

3. The hearing set for July 26, 1985, at 9:00 a.m. is vacated.